# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

Gabriel N. Maxey,
   Petitioner,

v.  1:09cv443 (LMB/TCB)

Warden, FCI Petersburg,
   Respondent.

## MEMORANDUM OPINION AND ORDER

Gabriel N. Maxey was a federal inmate housed in the Eastern District of Virginia when he filed this pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of his prior custody credit and good time credit by the Bureau of Prisons ("BOP"). The respondent filed a response opposing the petition, and petitioner filed a reply. Petitioner has now filed a change of address, to notify the Court that he is residing at a private address in Partlow, Virginia, and a check of the BOP's website confirms that petitioner has been released from prison. Accordingly, this petition must be dismissed, as moot.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Townes v. Jarvis, 577 F.3d 543, 546 (4th Cir. 2009), quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 (1997). Thus, for a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability.

Id. at 546 - 47, citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

There are two exceptions to dismissal under the mootness doctrine: (1) the existence of collateral consequences; and (2) cases which are capable of repetition, yet evading review. Leonard, 804 F.2d at 842 (internal quotations omitted). First, if petitioner can demonstrate that a collateral consequence in the form of "some concrete and continuing injury other than the now-ended incarceration" remains, the case is not moot. Spencer v. Kemna, 523 U.S. 1, 8 (1998). Second, the "capable of repetition yet evading review" exception is satisfied when the challenged action is too brief in duration to be fully litigated before it ends or expires, and there is a reasonable expectation that the complaining party would be subjected to the same action again. Leonard, 804 F.2d at 842.

Where, as here, a petitioner is released from custody after filing a § 2241 application, the petition is not *ipso facto* rendered moot. Instead, the inquiry focuses on whether the court nonetheless can grant petitioner the relief he requests. Salgado v. Fed. Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th Cir. 2007). In this case, Maxey contends that the BOP miscalculated both his good time credit and prior custody credit, and as relief he seeks earlier release from incarceration. Pet. at unnumbered pp. 3 - 4. Since Maxey is no longer in prison, the Court cannot provide that relief, and his petition accordingly has been rendered moot. Id. at 256-57 (dismissing appeal of denial of § 2241 petition as moot where petitioner sought reduction in prison term and was released from prison while appeal was pending); see also, Bailey v. Sutherland, 821 F.2d 277, 278 (5th Cir. 1987) (holding that appeal from denial of § 2241 application based on alleged loss of good time credits was moot where "[t]he main thrust" of petitioner's argument was to be released from confinement, so when petitioner was released court "could no longer provide him with that relief"); Belasco v. Warden, 156 Fed. Appx. 671 (5th Cir. 2005) (holding that issues raised on appeal

regarding calculation of good time credits were mooted by petitioner's release from BOP custody).

Although Maxey has been released from prison, he remains on supervised release. Resp., Ex. 1, Judgment at 3. However, that circumstance does not alter the conclusion that this petition presently is moot, as it is not collateral consequence of Maxey's claim. "While the Supreme Court has recognized that certain collateral consequences render an otherwise moot habeas application justiciable, completing one's incarceration and complying with the terms of parole (while facing the possibility of parole revocation) does not qualify." Fields v. Wiley, 2008 WL 1840725 at *3 (D. Col. Apr. 23, 2008), citing Spencer, 523 U.S. at 12. Even if Maxey's claim were meritorious and he actually served more time in custody than he should have due to BOP miscalculations, excess prison time cannot offset and reduce a term of supervised release. United States v. Johnson, 529 U.S. 53, 59 (2000). Because granting relief on Maxey's claim thus could not shorten his term of supervised release, his supervision is not a collateral consequence which would maintain his claim's justiciability. See Crawford v. Booker, 2000 WL 1179782 at *2 (10th Cir. 2000); Martin v. Belleou, 2008 WL 3539741 at *2 (S.D.W.Va. Aug. 12, 2008); Fields, 2008 WL 1840725 at *4; but see, Alford v. Reese, 2007 WL 3124541, n. 1 (S.D.Miss. Oct. 19, 2007) (finding that § 2241 application "likely"was mooted by petitioner's release from BOP custody because, if he were on supervised release, claim "might" not be moot). Any possible effect Maxey's claim might have if his supervised release is revoked in the future is too speculative to qualify as a collateral consequence. Spencer, 523 U.S. at 12; Fields, 2008 WL 1840725 at * 3.

For these reasons, it is

ORDERED that this petition be and is DISMISSED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to petitioner and to counsel of record for respondent, and to close this civil case.

Entered this 26th day of April 2010.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge